IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUSTAVO B. HERNANDEZ, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | NO. B-00-021 |
| | § | |
| GARY L. JOHNSON, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF | § | B-00-113 |
| CRIMINAL JUSTICE, | § | |
| INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

United States District Court
Southern District of Texas
FILED
JUL 1 0 2000
Michael N. Milby
Clerk of Court

**RESPONDENT JOHNSON'S MOTION TO DISMISS
AS TIME-BARRED WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division, Respondent, ("the Director") by and through his attorney, the Attorney General of Texas, and files this his Motion to Dismiss As Time-Barred With Brief in Support.

## I.

## JURISDICTION

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

## II.

## DENIAL

The Director denies each and every allegation of fact made by Petitioner, ("Hernandez"), except those supported by the record and those specifically admitted herein.

1

## III.

## STATEMENT OF THE CASE

The Director has lawful custody of Hernandez pursuant to four judgments and sentences, including the one at issue in this case of the 138th District Court of Cameron County, Texas, in Cause Number, styled *The State of Texas v. Gustavo B. Hernandez. Ex parte Hernandez*, Application No. 27,146-01, at 24. Hernandez was charged with the felony offense of burglary of a habitation, enhanced for punishment by three prior felony convictions. *Id.* at 12. He entered a plea of guilty and on February 23, 1993, the court accepted his plea. *Id.* at 24. The court assessed punishment of imprisonment for twenty years. *Id.*

Hernandez did not appeal his conviction. Petition at 3. Hernandez has filed two state applications for writ of habeas corpus. The Court of Criminal Appeals denied the first writ without written order on October 12, 1994. *Ex parte Hernandez*, No. 27,146-01 at cover. Hernandez's second writ was dismissed on March 29, 2000. *Ex parte Hernandez*, No. 27,146-02 at cover. The record of Hernandez's state writ applications is available and will be forwarded to the court once it has been reproduced.

## IV.

## EXHAUSTION OF STATE REMEDIES

The Director believes that Hernandez has not sufficiently exhausted his state remedies as required by 28 U.S.C. §2254(b), (c) with regard to the issues briefed in this motion. However, because Hernandez's claim is clearly time-barred, the Director does not move for dismissal for failure to exhaust at this time.

## V.

## PETITIONER'S ALLEGATION

The Director understands Hernandez's allegation to be that he is entitled to seven years and three months of jail time credit for time served prior to his conviction.

2

# VI.

## RESPONDENT'S MOTION TO DISMISS AS TIME-BARRED

On April 24, 1996, the President signed the recent amendments to the federal habeas corpus statutes, the Antiterrorism and Effective Death Penalty Act, hereinafter "the AEDPA." The new statute provides that:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244 (West 1996).

Because the amendment does not specify when it was to become effective, it took effect on April 24, 1996, the date that it was signed by the President. *Goslon-Peretz v. United States*, 498 U.S. 395, 404, 111 S. Ct. 840, 846 (1991). In addition, it is the law of

this circuit that petitioners whose convictions became final prior to the enactment of the AEDPA are to be afforded a one-year period, to April 24, 1997, in which to file their petitions. *Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000 (5th Cir. 1998). Finally, the Fifth Circuit has recognized that "a properly filed application for state . . . collateral review . . . is not counted toward the limitations period." *Brewer v. Johnson*, 139 F.3d 491, 492 (5th Cir. 1998).

Hernandez claims he is entitled to seven years and three months of jail time credit for time served prior to his conviction. Here, the judgment of conviction became final on March 26, 1993, on the expiration of the thirty days for filing a motion for new trial or notice of appeal under Rules 31(a) and 41(b) of the Texas Rules of Appellate Procedure. Hernandez pled guilty, and, therefore, knew or could have easily discovered the amount of time he was being credited for time served awaiting adjudication of his case no later than March 26, 1993. Because the judgment became final before the enactment of the AEDPA, Hernandez is entitled to the one year grace period, and the deadline for filing Hernandez's federal petition was April 24, 1997. His filing on April 27, 2000, more than three years later, comes too late.

Moreover, the tolling provisions of the statute do not save Hernandez's petition from dismissal. The record shows that Hernandez's first state habeas petition was decided before the statute of limitations for filing his federal habeas petition began to run. *Ex parte Hernandez*, No. 27,146-01 at cover. The record further shows that Hernandez's second state habeas petition was not filed until February 8, 2000, more than two years after Hernandez's federal filing deadline had passed. Ex parte Hernandez, No. 27,146-02 at 2. Thus, Hernandez did not have a state writ pending during the limitations period for filing his federal habeas petition, and he is not entitled to tolling.

The record does not reflect that any unconstitutional state action impeded Hernandez from filing for federal habeas corpus relief prior to the end of the limitations period. Moreover, the record does not reflect that the claims presented herein are of such a nature

4

that they could not have been discovered during the limitations period by the exercise of due diligence. *See Flanagan v. Johnson*, 154 F.3d at 199 (the federal habeas statute "does not convey a statutory right to an extend delay . . . while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim"); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (neither an inmate's illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to excuse an abuse of the writ); *Barrow v. New Orleans S. S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (ignorance of the law does not excuse failure to comply with a statute of limitations). *A fortiori*, Hernandez's failure to file his petition within the limitations period requires that it be dismissed as time-barred.

WHEREFORE, PREMISES CONSIDERED, the director respectfully requests that Hernandez's petition for writ of habeas corpus be dismissed as time-barred.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for
Criminal Justice

ROSS RAYBURN
Assistant Attorney General
Chief, Habeas Corpus Division

KRISTEN E. JERNIGAN
Assistant Attorney General
State Bar No. 90001898
Attorney in Charge

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## NOTICE OF SUBMISSION

To: Gustavo B. Hernandez, Petitioner, you are hereby notified that the undersigned attorney will bring the foregoing Motion before the Court as soon as the business of the Court will permit.

_____
KRISTEN E. JERNIGAN
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Kristen E. Jernigan, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Johnson's Motion to Dismiss As Time-Barred With Brief in Support has been served by placing same in the United States Mail, postage prepaid, on this the 6th day of July, 2000, addressed to:

Gustavo B. Hernandez
TDCJ-ID No. 671100
Hightower Unit
Rt. 3, Box 9800
Dayton, Tx. 77535

_____
KRISTEN E. JERNIGAN
Assistant Attorney General

6