IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GUSTAVO B. HERNANDEZ | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-113 |
| | § | |
| | § | |
| GARY L. JOHNSON, DIRECTOR, | § | |
| TEXAS CRIMINAL JUSTICE, | § | |
| INSTITUTIONAL DIVISION | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY, PURSUANT TO 28 U.S.C. §2254

### FACTUAL BACKGROUND

Petitioner, Gustavo B. Hernandez ("Hernandez"), plead guilty to state charges of burglary on February 23, 1993. Hernandez did not appeal, but subsequently filed a state writ of habeas corpus on August 11, 1994. He claimed that he was entitled to seven (7) months and three (3) days credit against his sentence for time that he had spent in official custody. More specifically, Hernandez states that he was incarcerated on April 21, 1993, in Kleberg County Jail and then transferred to T.D.C.J. on October 12, 1993. Shortly thereafter, on February 14, 1994, he was once again transferred, on a bench warrant, to Cameron County Jail.

The Court of Criminal Appeals denied his first writ on October 12, 1994. Hernandez then filed a second state writ of habeas corpus on February 8, 2000, which was denied by the

Court of Criminal Appeals on March 29, 2000. Hernandez then filed the instant § 2255 petition on May 4, 2000.

## PETITION SHOULD BE DISMISSED AS TIME-BARRED

The Antiterrorism and Effective Death Penalty Act (AEDPA), effective April 24, 1996, states that, "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. §2244(d)(1) (West 2000). The limitation period can run from the latest of 1) the date on which the judgment became final, 2) the date on which an impediment to filing was removed, 3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, or 4) the date on which the factual predicate of the claim could have been discovered.

However, there is a tolling provision that stays the running of the limitation period when an application for a State post-conviction has been properly filed. 28 U.S.C. §2244(d)(2). In addition, petitioners, whose convictions have became final prior to 1996, are afforded a one year period in which to file their claims, causing the limitation period to expire on April 24, 1997. *Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000 (5th Cir. 1998).

In this case, the record shows that the judgment became final on March 26, 1993, the end of the 30-day time period, in which the petitioner can appeal pursuant to Rule 31(a) and 41(b) of the Texas Rules of Appellate Procedure. Because Hernandez's conviction became final before AEDPA became effective, Hernandez's deadline to file this federal writ expired April 24, 1997. His untimely filling on May 4, 2000, requires the court to dismiss his petition as time barred.

The tolling provision does not apply in this case because there were no state writs pending during the limitation period. The first writ was filed on August 11, 1994 and was denied October

12, 1994. The second writ was filed February 8, 2000 and denied March 29, 2000. Therefore, they did not toll the limitation period which ran from April 24, 1996-97. Further the record does not show that Hernandez was impeded from filing by any unconstitutional state action, nor does it show that his claims were of such a nature that due diligence would not have lead to their discovery during the limitation period. Because of the fact that petitioner plead guilty, he was aware of the amount of time the court may have recommended for credit for time served.

Even if Hernandez could file his claim, it should be dismissed. Pursuant to 18 U.S.C. §3585 the court can only recommend credit for time served, but it is the Attorney General, through the Bureau of Prisons, who is responsible for determining the amount of credit, if any, which will be given. *United States v. Wilson*, 503 U.S. 329, 112 S.Ct. 1351, 1354 (1992). The U.S. Department of Justice, Federal Prison System, Program Statement 5880.28, also known as the Sentence Computation Manual, details the guidelines which determine whether an inmate will receive credit for time served. The sentencing court does not have the authority to award credit. Hernandez's only remedy is to use the prison's administrative process to review the computation of his credits, *see* 28 CFR 542.10-542.16 (1990). Only after a prisoner has exhausted his administrative remedies can he seek judicial review by the courts.

## RECOMMENDATION

It is **RECOMMENDED** that the court **DISMISS** Hernandez's §2254 petition for a writ of habeas corpus as it is time barred under the Antiterrorism and Effective Death Penalty Act (AEDPA).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to-proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas on this 10th day of August, 2000.

John Wm. Black
United States Magistrate Judge